UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------X
                                          :

UNITED STATES OF AMERICA,                :

        -v-                          :

FRANCISCO ALBERTO LOPEZ REYES, JUAN   :         23 Cr. 501 (JPC)
MOISES PEREZ MENDEZ, and EDWARD EUSTATE  :
JIMENEZ,                             :          ORDER

                 Defendants.       :

-----------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

Attached to this Order is the Court's current draft of *voir dire* questions for prospective

jurors. The parties should be prepared to address any objections to the proposed questions at the

final pretrial conference scheduled for April 10, 2026, at 10:00 a.m.

       SO ORDERED.

Dated: April 7, 2026
       New York, New York                       JOHN P. CRONAN
                                        United States District Judge

**DRAFT**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
                                                                     :
UNITED STATES OF AMERICA,                                            :
                                                                     :
                                                                     :
                                                                     :
         -v-                                                         :        23 Cr. 501 (JPC)
                                                                     :
FRANCISCO ALBERTO LOPEZ REYES, JUAN                                  :        **VOIR DIRE FORM**
MOISES PEREZ MENDEZ, and EDWARD EUSTATE                              :
JIMENEZ,                                                             :
                                                                     :
                             Defendants.                             :
                                                                     :
---------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

This is a criminal case.  There are three defendants, who are Francisco Alberto Lopez Reyes, Juan Moises Perez Mendez, and Edward Eustate Jimenez.  The defendants have been charged with committing federal crimes in an Indictment returned by a grand jury sitting in this District.  The Indictment itself is not evidence.  It simply contains the charges that the United States of America, as the prosecution, is required to prove beyond a reasonable doubt.

There are four charges, or "counts," contained in the Indictment.  Not all of the counts apply to all defendants. Count One charges Mr. Lopez Reyes and Mr. Perez Mendez with engaging in what is called a continuing criminal enterprise, with Mr. Lopez Reyes acting as a principal administrator, organizer, or leader of the continuing criminal enterprise.  As part of that continuing criminal enterprise, the Indictment alleges that Mr. Lopez Reyes committed seven violations of the federal narcotics laws and that Mr. Perez Mendez committed six violations of the federal narcotics laws.  Count Two charges all three defendants—Mr. Lopez Reyes, Mr. Perez Mendez, and Mr. Eustate Jimenez—with participating in a conspiracy to violate the federal narcotics laws by agreeing to distribute, and/or possess with intent to distribute, certain controlled substances, specifically, para-fluorofentanyl, fentanyl, methamphetamine, heroin, and/or cocaine,

**DRAFT**

the use of which resulted in the death of a woman named Holly Holderbaum on February 25, 2024.

Count Three charges Mr. Lopez Reyes and Mr. Eustate Jimenez with distribution, possession with intent to distribute, and/or aiding and abetting the distribution or possession with intent to distribute, certain controlled substances, specifically, para-fluorofentanyl and fentanyl, the use of which resulted in the death of Holly Holderbaum on February 25, 2024.  Count Four charges Mr. Lopez Reyes with participating in a conspiracy to commit money laundering.  The conduct allegedly occurred between April 2022 and September 2024.

Each defendant has pleaded not guilty.  They are presumed innocent.  The United States of America has the burden to prove beyond a reasonable doubt that each defendant is guilty of the charges against him.

<b>Part 1: General Juror Questionnaire</b>

Please indicate if your answer to any of the following questions is "yes."  If you would prefer not to give your answer in open court, please say so.

1.  Do you have any personal knowledge of the charges against the defendants as I have described those charges?

2.  Have you seen or read anything about this case?

3.  Is there anything about the nature of this case that would cause you to be unable to render a fair and impartial verdict?

4.  Have you formed an opinion that the charges, as I have described them, should not be crimes?

5.  Have you, or to your knowledge has a family member or close friend, had any personal experiences that would make it difficult for you to be fair and impartial in this case?

6.  I am now going to introduce you to the parties and their lawyers.  As I just told you, the defendants are Francisco Alberto Lopez Reyes, Juan Moises Perez Mendez, and

**DRAFT**

Edward Eustate Jimenez.

7. I ask Mr. Lopez Reyes to stand and turn around.  Do you, or to your knowledge does a family member or close friend, know Mr. Lopez Reyes or anyone close to him?

8. Mr. Lopez Reyes is represented at this trial by Xavier Robert Donaldson, of Xavier R. Donaldson, Attorney at Law.  Do you, or to your knowledge does a family member or close friend, know Mr. Donaldson or anyone at his law firm?

   a. Have you, or to your knowledge has a family member or close friend, had any dealings, either directly or indirectly, with Mr. Donaldson or his law firm?

   b. Have you, either through any experience or what you have seen or read, developed any bias or prejudice or other feelings for or against Mr. Donaldson or his law firm?

9. I ask Mr. Perez Mendez to stand and turn around.  Do you, or to your knowledge does a family member or close friend, know Mr. Perez Mendez or anyone close to him?

10. Mr. Perez Mendez is represented at this trial by Michael David Bradley, of the Bradley Law Firm PC, and Donald Joseph Yanella III of Donald Yannella, P.C.  Do you, or to your knowledge does a family member or close friend, know Mr. Bradley, Mr. Yanella, or anyone at their law firms?

   a. Have you, or to your knowledge has a family member or close friend, had any dealings, either directly or indirectly, with Mr. Bradley, Mr. Yanella, or their law firms?

   b. Have you, either through any experience or what you have seen or read, developed any bias or prejudice or other feelings for or against Mr. Bradley, Mr. Yanella, or their law firms?

11. I ask Mr. Eustate Jimenez to stand and turn around.  Do you, or to your knowledge does

3

**DRAFT**

a family member or close friend, know Mr. Eustate Jimenez or anyone close to him?

12. Mr. Eustate Jimenez is represented at this trial by Raoul Zaltzberg, of Zaltzberg Law. Do you, or to your knowledge does a family member or close friend, know Mr. Zaltzberg or anyone at his law firm?

   a. Have you, or to your knowledge has a family member or close friend, had any dealings, either directly or indirectly, with Mr. Zaltzberg or his law firm?

   b. Have you, either through any experience or what you have seen or read, developed any bias or prejudice or other feelings for or against Mr. Zaltzberg or his law firm?

13. Have you, either through any experience or what you have seen or read, developed any bias or prejudice or other feelings for or against criminal defense lawyers generally?

14. The United States of America—which I will refer to as the government—is represented in this case by the United States Attorney for the Southern District of New York, who is Jay Clayton. The conduct of this trial will be in the immediate charge of Assistant United States Attorneys Katherine Cheng, Margaret Emma Lynaugh, Chelsea L. Scism, and Adam Sasan Sowlati. They will be assisted and joined at counsel table by Danielle Escamilla, Sophie Keegan, and Juan Munoz, who are paralegals with the U.S. Attorney's Office. Also joining them at counsel table will be Special Agent Victor Verouhis of the Department of Homeland Security, Homeland Security Investigations, which is often called "HSI." I ask Ms. Cheng, Ms. Lynaugh, Ms. Scism, Mr. Sowlati, Ms. Escamilla, Ms. Keegan, Mr. Munoz, and Special Agent Verouhis to all stand and turn around. Do you, or to your knowledge does any family member or close friend, know any of these individuals?

   a. Have you, or to your knowledge has any family member or close friend, had

4

**DRAFT**

any dealings, either directly or indirectly, with any of these individuals?

b. Have you, or to your knowledge has any family member or close friend, had any dealings, either directly or indirectly, with the United States Attorney's Office?

c. Have you, or to your knowledge has any family member or close friend, had any dealings, either directly or indirectly, with HSI that would affect your ability to render a fair and impartial verdict in this case?

d. Have you, or to your knowledge has any family member or close friend, had any dealings, either directly or indirectly, with the Drug Enforcement Administration, the United States Postal Inspection Service, the United States Marshals Service, the New York State Police, or the New York City Police Department that would affect your ability to render a fair and impartial verdict in this case?

15. Have you, either through any experience or what you have seen or read, developed any bias, prejudice, or other feelings for or against prosecutors generally?

16. Do you have any feelings regarding the criminal justice system in this country, including but not limited to your feelings about judges, lawyers, or law enforcement officers, that would make it difficult for you to be a fair and impartial juror in this case?

17. Exhibit A, found at the last page of this document, has a list of people who may be mentioned at trial or who may be witnesses at trial. I will read that list now.

a. Have you, or to your knowledge has any family member or close friend, had dealings with any of the people listed?

18. During trial, I will be assisted by members of my staff, including the Courtroom Deputy, Meghan Henrich; my law clerks, Dore Feith, Christopher Ioannou, and Ben

5

**DRAFT**

Kessler; and my interns, Vincenzo Guido and Alexander McOmie.  I ask any of those individuals who are currently in the courtroom to stand.  Do you, or to your knowledge does any family member or close friend, know Ms. Henrich, Mr. Feith, Mr. Ioannou, Mr. Kessler, Mr. Guido, Mr. McOmie, or me?

19. Please look around the room.  Do you recognize anyone in the courtroom?

20. Have you, or to your knowledge has any family member or close friend, ever served as a law enforcement officer or worked in a prosecutor's office?

21. Have you, or to your knowledge has any family member or close friend, ever worked in the banking industry, at a commercial bank, at a post office, or for any parcel delivery company?

22. Have you, or to your knowledge has any family member or close friend, ever been party to any legal action or dispute with the United States, or with any of the officers, departments, agencies, or employees of the United States, including the Internal Revenue Service?

    a.  If yes, have you had any legal, financial, or other interest in any such legal action or dispute, or its outcome?

23. Do you have any views regarding para-fluorofentanyl, fentanyl, methamphetamine, heroin, or cocaine that would make it difficult for you to render a fair and impartial verdict?

24. Have you, or to your knowledge has any family member or close friend, had any personal experience with illegal drugs such as para-fluorofentanyl, fentanyl, methamphetamine, cocaine, or heroin, including with personal use, that would make it difficult for you to be fair and impartial in this case?

25. Have you, or to your knowledge has any family member or close friend, ever suffered

**DRAFT**

from drug addiction, overdosed, or been hospitalized as a result of using drugs?

26. Have you, or to your knowledge has any family member or close friend, ever lobbied, petitioned, or worked in any other manner for or against any laws or regulations relating to drugs?

27. Do you believe it should not be a crime for a person to possess or sell narcotics?

28. Do you believe that the laws governing the sale of narcotics should not be enforced?

29. Do you have any views regarding the laws governing the sale or distribution of para-fluorofentanyl, fentanyl, methamphetamine, heroin, or cocaine that would make it difficult for you to render a fair and impartial verdict?

30. Do you believe it should not be a crime for a person to engage in money laundering involving the proceeds of unlawful activity?

31. Do you believe that the laws governing money laundering should not be enforced?

32. The alleged crimes concern orders placed with online pharmacies. Do you have feelings about people who buy prescription medication online that would make it difficult for you to be fair and impartial in this case?

33. During the trial, you may hear evidence about the death of an adult woman who had served in the U.S. Army National Guard, and you may see photos of a dead body.

    a. Is there anything about the fact that this case involves alleged harm and death to a victim that would make it difficult for you to be fair and impartial in this case?

    b. Is there anything about the alleged victim being a veteran of the U.S. Army National Guard that would make it difficult for you to be fair and impartial in this case?

    c. Is there anything about seeing photographic evidence of a dead body that would

**DRAFT**

make it difficult for you to be fair and impartial in this case?

34. Does the fact that some of the charges involve allegations of conspiracy affect your ability to render a fair and impartial verdict?

35. Have you ever studied or practiced law or worked in any capacity for a law office, including legal or paralegal training?

36. Have you, or to your knowledge has any family member or close friend, ever worked in the pharmaceutical industry or at a pharmacy?

37. To your knowledge, have you, or has any family member or close friend, ever been the subject of a criminal investigation?

38. Have you, or to your knowledge has any family member or close friend, ever been charged with, indicted for, accused of, or convicted of a crime?

39. Have you, or to your knowledge has any family member or close friend, ever been involved in or appeared as a witness in any investigation by a federal or state grand jury, or by a Congressional or state legislative committee, licensing authority, or governmental agency?

40. Have you, or to your knowledge has any family member or close friend, ever been a witness or complainant in any federal or state prosecution?

41. To your knowledge, are you currently under subpoena or about to be subpoenaed in a federal case?

42. Have you, or to your knowledge has any family member or close friend, ever been a victim of a crime?

43. The witnesses in this case may include law enforcement witnesses, including members of Homeland Security Investigations, the Drug Enforcement, and the U.S. Postal Inspection Service.

8

**DRAFT**

    a.  Would you be more likely to believe a witness merely because he or she is a member of a law enforcement agency?

    b.  Would you be less likely to believe a witness merely because he or she is a member of a law enforcement agency?

44. You may also hear testimony from expert witnesses. Do you have any general feelings about the use of experts that would make it difficult for you to render a fair and impartial verdict?

45. Would you be unable to follow my instruction that the government is not required to use any particular investigative technique to uncover evidence of or to prosecute a crime?

46. Some of the evidence that may be introduced in this case may come from searches performed by law enforcement officers. If any such evidence is presented to you, the searches were legal, and the evidence obtained from the searches is admissible in this case. Do you have strong feelings about searches conducted by law enforcement officers, or the use of evidence obtained from searches at trial, that would prevent you from being a fair and impartial juror in this case?

47. Evidence may be admitted at trial that relates to one defendant but not to another. If I instruct you about what evidence applies to which defendant, would you be unable to follow that instruction?

48. You may hear testimony in this case from one or more cooperating witnesses, that is, a witness who at one time was involved in illegal activity, but who has now pleaded guilty to crimes and is testifying on behalf of the government in the hope of receiving a lower sentence. Do you have any feelings about the use of cooperating witnesses generally, or the use of evidence or information obtained from cooperating witnesses,

**DRAFT**

that would make it difficult for you to render a fair and impartial verdict if you heard testimony from a cooperating witness?

49. You may hear evidence of criminal activity committed by people other than the defendants.  Those other individuals are not on trial here.  You also may not draw any inference from that fact and must not speculate as to why they are not on trial at this time.  Would you be unable to follow this instruction or, for this reason, be unable to render a fair and impartial verdict?

50. You may hear evidence during this trial from witnesses for whom English is not their native language and they may testify with the assistance of an interpreter.  Is there any reason why you would not be able to evaluate fairly and impartially the testimony of a witness testifying with the assistance of an interpreter?

51. In particular, this trial may involve testimony in Spanish.  If you understand Spanish, would you have any difficulty following my instruction that you must accept as accurate the translation that will be provided to you of any testimony given in Spanish?

52. This trial may involve evidence of activity occurring in the Dominican Republic.  Have you, or to your knowledge has any family member or close friend, ever been to the Dominican Republic?

53. Do you have any knowledge or opinions about the Dominican Republic that would impact your ability to be fair and impartial in this case?

54. Would the fact that one of the defendants is a resident and citizen of the Dominican Republic influence your ability to be fair and impartial in this case?

55. United States law provides that persons engaged in conduct occurring outside the United States nevertheless may be prosecuted in the United States for certain violations of American federal law.  Would it affect your ability to fairly and impartially render a

**DRAFT**

verdict in this case if the evidence includes conduct that took place outside of the United States?

56. The defendants in this case may present different or even conflicting defenses. Would it affect your ability to fairly and impartially render a verdict in this case if the defendants present different or conflicting defenses?

57. The following are legal principles that apply in every criminal case. Would you, for any reason, be unable to follow any of these legal principles?

    a. A defendant is presumed innocent.

    b. The government has the burden of proof at trial.

    c. The government must prove its case beyond a reasonable doubt as to each defendant.

    d. The jury's verdict must be unanimous.

    e. A defendant does not have to testify or present any defense in his support, and the jury is not permitted to consider that fact in any way in deciding whether or not the government has proved that he is guilty.

    f. A defendant's silence cannot be held against him.

58. The function of the jury is to decide questions of fact. However, when it comes to the law, you must listen to my instructions and accept the law as I explain it. Would you have any hesitation or unwillingness to apply the law as I explain it, even if you disagree with the law or if it conflicts with what you think the law should be?

59. Are you unable to accept that the question of punishment, if any, would be for me as the judge alone to decide and that the possible punishment must not enter into the deliberation of the jurors as to whether any defendant on trial here is guilty or not guilty?

**DRAFT**

60. Do you feel that even if the evidence establishes a defendant's guilt beyond a reasonable doubt, you might not be able to render a guilty verdict for reasons unrelated to the law and the evidence?

61. Do you feel that, if you find that the evidence does not establish a defendant's guilt beyond a reasonable doubt, you might not be able to render a not-guilty verdict for reasons unrelated to the law and the evidence?

62. Do you have any reservations about discussing your opinions with other people?

63. Do you have any reservations about sitting in judgment of others?

64. Under your oath as a juror, you are not to be swayed by sympathy. You are to be guided solely by the evidence in this case, and the law as I will charge you. Are you unable to accept my instruction that you are not to be swayed by sympathy of any kind?

65. Do you have any religious, philosophical, or other beliefs that would make you unable to render a verdict for reasons unrelated to the law and the evidence?

66. Do you have any biases or prejudices that would affect your ability to serve as a fair and impartial juror in this case?

67. I may instruct you to absolutely avoid reading, watching, or listening to media reports concerning this case, including coverage of the case on social media like Facebook, Twitter, and blogs, until the case is over. Will you be unable to follow that instruction?

68. Do you have any medical problems, particularly eyesight or hearing difficulties, which could affect your perception of the proceedings?

69. Are you taking any medication, or do you suffer from any medical condition, that would prevent you from sitting for prolonged periods or giving your full attention to all of the evidence?

70. Do you have any difficulty reading or understanding English?

**DRAFT**

71. The fundamental issue is whether there is anything in your personal history or life experience that would prevent you from acting as a fair and impartial juror in this case. But only you know whether there is some other matter that I did not mention that I should have asked about. Is there anything that would affect your ability to render a fair and impartial verdict in this case or otherwise anything else you feel the parties should know about you?

13

**DRAFT**

**Part 2: Individual Juror Questionnaire**

1. How old are you?

2. Where were you born?

3. What is your city, town, or village of residence?

4. How long have you lived at that residence?

    a. If less than ten years, where did you live before that?

5. How far did you go in school?

    a. What have been your areas of study?

    b. What if any degrees have you received?

6. What is your occupation?

    a. Who is your employer and where do you work?

    b. How long have you had that job?

    c. What previous jobs have you had in the past five years?

    d. If you are retired, what position did you hold before retirement?

7. Do you currently serve or have you ever served in the military?

8. Are you married?

    a. If you are married, what is your spouse's educational background and current employer?

9. Are there other adults in your household?

    a. If so, what do they do?

    b. If they are retired, what did they do before retirement?

10. Do you have children?

    a. If so, how old are they?

    b. If they are adults, what do they do?

14

**DRAFT**

11. Are you a member of any organizations?

    a.  If so, which ones?

12. What, if any, publications—such as newspapers, magazines, or online news websites—do you regularly read?

13. What, if any, radio stations, podcasts, and television programs do you regularly tune in to?

14. What, if any, social media platforms do you use?

15. What do you like to do in your spare time?

16. Have you previously served on the jury, whether in a civil or criminal trial, or as a grand juror?

    a.  If so, how many times have you served as a juror and what was the nature of your jury service?

    b.  For each time you have served as a juror on a trial:

        i.  Was the case a criminal or civil?

        ii.  Did the jury reach a verdict?  (Please do not tell me what the verdict was.)

DRAFT

*United States v. Francisco Lopez Reyes, Juan Moises Perez Mendez, and Edward Eustate*

*Jimenez*

**23 Cr. 501 (JPC)**

**Exhibit A**

**People**